FILED IN OPEN COURT

ON 10 7 2022 CB

Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CR-118-1BO(1)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| GAY CAMERON TUCKER | ) | |

The Grand Jury charges the following:

## BACKGROUND

1. During times material to this Indictment, GAY CAMERON TUCKER, the defendant, was the finance director and accounting technician for the Town of Spring Lake (the "Town"), which was located within Cumberland County in the Eastern District of North Carolina.

2. Beginning at a time unknown, but no later than November of 2016 , and continuing to a time unknown, but no earlier than June of 2021, TUCKER abused her status as a public official, and her access to Spring Lake's finances, to steal and embezzle more than $500,000 from the Town.

3. To carry out the scheme, TUCKER created and caused to be created various fraudulent checks that were drawn upon the Town's Truist (formerly BB&T) bank account. The fraudulent checks, made payable as described below, included

1

the forged signatures of various Town officials, including Mayor L.D. and Town Manager S.W. The fraudulent checks described herein were made payable as follows:

(a) Approximately $148,000 in checks were made payable to "Gay C Tucker" or "Gay Tucker."

(b) Approximately $177,000 in checks were made payable to "Heritage Place," "Heritage House," or "Heritage."

(c) Approximately $240,000 in checks were made payable to "Bragg Mutual Federal Credit Union" or "BMFCU." These checks were deposited to an account at the same credit union belonging to TUCKER.

4. After receiving the Town's money into her own bank account, TUCKER then used the funds on her own interests. These interests included rent, personal living expenses, cash withdrawals, and money transfers to individuals.

5. During each of the years of the foregoing embezzlements and frauds, the Town received federal monies in excess of $10,000.

## COUNT ONE

6. Introductory paragraphs 1 through 5 are realleged and incorporated as though fully set forth in this count.

7. Beginning at a time unknown, but no later than November of 2016, and continuing to a time unknown, but no earlier than June of 2021, the defendant, GAY CAMERON TUCKER, being an agent of the Town of Spring Lake, a local

2

government, said local government receiving in the one year periods beginning January 1, 2020 and January 1, 2021, benefits in excess of $10,000 from the Federal Emergency Management Agency (FEMA); embezzled, stole, and obtained by fraud, property worth at least $5,000 that was owned by and under the care of the Town of Spring Lake, to wit, cash and bank credits, in violation of 18 U.S.C. § 666(a)(1)(A).

## COUNTS TWO THROUGH FIVE

8.      Beginning at a time unknown, but no later than November of 2016, and continuing to a time unknown, but no earlier than June of 2021, within the Eastern District of North Carolina, the defendant, GAY CAMERON TUCKER, knowingly executed and attempted to execute a scheme and artifice (1) to defraud a financial institution; and (2) to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

9.      Introductory paragraphs 1 through 5 are realleged and incorporated as though fully set forth in this count.

10.     In furtherance of the scheme, TUCKER presented and caused to be presented fraudulent checks to Truist Bank, an institution whose deposits were, at that time, insured by the Federal Deposit Insurance Corporation.

11.     In furtherance of the scheme, TUCKER also presented and caused to be presented fraudulent checks to Bragg Mutual, an institution whose deposits were, at

3

that time, insured by the National Credit Union Share Insurance Fund.

## EXECUTION OF THE SCHEME

12.     On or about the dates set forth in the table below, each entry constituting a separate count of this Indictment, within the Eastern District of North Carolina and elsewhere, the Defendant, GAY CAMERON TUCKER, executed and attempted to execute the scheme and artifice described above by presenting and causing to be presented to the financial institution described in each Count below, the forged Town of Spring Lake checks identified in each Count below:

| COUNT | DATE | PAYEE | CHECK NUMBER | CHECK AMOUT | FINANCIAL INSTITUTION |
|-------|------|-------|--------------|-------------|----------------------|
| 2 | 04/16/2020 | BMFCU | 87719 | $6,472.23 | Bragg Mutual |
| 3 | 10/26/2020 | Gay Tucker | 88875 | $8,887.25 | Truist Bank |
| 4 | 05/11/2021 | Heritage | 90078 | $17,375.18 | Truist Bank |
| 5 | 06/15/2021 | Bragg Mutual Federal Credit Union | 90281 | $8,462.36 | Bragg Mutual |

Each of the transactions identified in the foregoing table constituting a separate violation of Title 18, United States Code, Section 1344.

## COUNTS SIX AND SEVEN

13.     On or about the dates set forth in the table below, in the Eastern District of North Carolina and elsewhere, the Defendant, GAY CAMERON TUCKER, did knowingly transfer and use, without lawful authority, a means of identification of

4

another person, to wit, the name and signature of said other person, during and in relation to the crime set forth in the corresponding count of this Indictment identified in the table below, felony violations enumerated in Title 18, United States Code, Section 1028A(c), knowing that the means of identification belonged to another actual person:

| COUNT | DATE | VICTIM | CORRESPONDING COUNT |
|-------|------|--------|---------------------|
| 6 | 05/11/2021 | S.W. | 4 |
| 7 | 06/15/2021 | L.D. | 5 |

Each count in the table above constituting a separate violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE NOTICE

The defendant is given notice that all of the defendant's interest in all property specified herein is subject to forfeiture.

Upon conviction of the offense set forth in Counts Two through Eight of the Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7) and Title 18, United States Code, Section 981 (a)(1)(C), the latter as made applicable by 28 U.S.C. § 2641(c), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

The forfeitable property includes, but is not limited to, the following:

5

Forfeiture Money Judgment:

a)    A sum of money representing the gross proceeds of the offense(s)
      charged herein against GAY CAMERON TUCKER, in the amount of at
      least $567,070.42.

If any of the above-described forfeitable property, as a result of any act or
omission of the defendant --

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third party;

(3)    has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be divided
       without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section
853(p), to seek forfeiture of any other property of said defendant up to the value of
the forfeitable property described above.

A TRUE BILL        REDACTED VERSION
                   Pursuant to the E-Government Act and the
                   federal rules, the unredacted version of
                   this document has been filed under seal.
Foreperson
Date:   June 7, 2022

MICHAEL F. EASLEY, JR.
United States Attorney
BY: WILLIAM M. GILMORE
Assistant United States Attorney

6